UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRY HUTCHINS                                                                                    PLAINTIFF

v.                            Civil No. 2:16-CV-02036-PKH-MEF

NURSE CINDY MOORE                                                                              DEFENDANT

### ORDER

Plaintiff, Terry Hutchins, submitted this pro se action for filing on February 24, 2016. (Doc. 1). Currently before the Court is Plaintiff's failure to follow a Court order and failure to prosecute.

### I.     BACKGROUND

Plaintiff filed his complaint on February 24, 2016. (Doc. 1). His complaint was provisionally filed and he was directed to file a completed certificate of inmate accounts. (Doc. 3). Plaintiff did so, and an order granting IFP was entered on April 8, 2016. (Doc. 7). In both orders, Plaintiff was advised his case could be dismissed if he did not keep the Court apprised of his current address. (Docs. 3, 7).

Mail sent to Plaintiff was returned as undeliverable on April 8, 2016, indicating Plaintiff was no longer at the Sebastian County Detention Center. The Court entered an order changing Plaintiff's address to the Crawford County Detention Center on April 11, 2016. This order also advised Plaintiff his case would be dismissed if he did not keep the Court apprised of his address. This order was returned as undeliverable on April 19, 2016, indicating Plaintiff was no longer at the Crawford County Detention Center.

Plaintiff has not communicated with the Court since March 29, 2016. (Doc. 6).

## II.     LEGAL STANDARD

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.    DISCUSSION**

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IV.    CONCLUSION**

For these reasons, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 8th day of November, 2016.

/s/ P. K. Holmes, III
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE